**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| AARON R. ROUSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00236 |
| | ) | |
| v. | ) | |
| | ) | |
| THE NFL PLAYER DISABILITY AND SURVIVOR BENEFIT PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STIPULATION AND [PROPOSED] ORDER PERMITTING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT**

Plaintiff Aaron R. Rouse ("Plaintiff") and Defendant The NFL Player Disability and Survivor Benefit Plan ("Defendant" or "the Plan"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS,** on or about March 13, 2026, Plaintiff filed a Complaint commencing the above-captioned action against Defendant under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.;

**WHEREAS,** the Complaint asserts two counts: Count I under ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) seeking payment of Total and Permanent Disability benefits, and Count II under ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) for breach of fiduciary duty;

**WHEREAS,** on or about March 19, 2026, Defendant executed a Waiver of Service pursuant to Federal Rule of Civil Procedure 4(d);

**WHEREAS,** Defendant has not yet filed an answer or other responsive pleading;

**WHEREAS,** the parties, through counsel, have conferred regarding the streamlined adjudication of this matter and have agreed that Plaintiff shall file a First Amended Complaint that asserts only Count I under ERISA § 502(a)(1)(B) and that omits Count II under ERISA § 502(a)(3);

**WHEREAS,** Federal Rule of Civil Procedure 15(a)(2) provides that, after the period for amendment as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires"; and

**WHEREAS,** the parties intend, following the filing of the First Amended Complaint, to confer in good faith concerning a joint proposed scheduling order appropriate to the procedural posture of this ERISA action.

**NOW, THEREFORE, the parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:**

1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Defendant consents in writing to Plaintiff's filing of the First Amended Complaint attached hereto as Exhibit A.
2. Plaintiff shall file the First Amended Complaint within three (3) business days of the Court's entry of the accompanying Order.
3. Upon the filing of the First Amended Complaint, Count II of the original Complaint (the ERISA § 502(a)(3) claim for breach of fiduciary duty) shall be deemed dismissed with prejudice.

4. Pending entry of the accompanying Order, Defendant's deadline to file an answer or other responsive pleading to the original Complaint is hereby extended and held in abeyance. Upon entry of the Order and the filing of the First Amended Complaint, Defendant's responsive-pleading deadline shall be governed exclusively by paragraph 5 below, and Plaintiff shall not seek entry of default against Defendant during the pendency of this Stipulation.
5. Defendant shall have twenty-one (21) days from the date the First Amended Complaint is filed within which to file its answer or other responsive pleading, pursuant to Federal Rule of Civil Procedure 15(a)(3).
6. This Stipulation is without prejudice to, and shall not constitute a waiver of, any claim, defense, objection, or position that either party may assert with respect to the merits of this action, the proper standard of review, the proper scope of the administrative record, or the appropriate procedural framework for adjudication of the First Amended Complaint.
7. The parties shall meet and confer in good faith within fourteen (14) days following the filing of Defendant's responsive pleading concerning a joint proposed scheduling order, including the timing of the filing of the administrative record and the briefing schedule on the parties' respective dispositive motions.
8. Each party shall bear its own attorney's fees and costs incurred in connection with this Stipulation, without prejudice to any party's right to seek fees or costs in connection with the underlying action as provided by law, the Plan, or order of this Court.

**SO STIPULATED AND AGREED:**

Dated: May 15, 2026

Charlene A. Morring, Esquire (VSB #46693)
Ashlee Ferebee, Esquire (VSB #89871)
**MORRING LAW, PLLC**
125 Saint Paul's Blvd, Suite 301
Norfolk, Virginia 23510
Telephone: (757) 223-1107
Email: cmorring@morringlaw.com
*Counsel for Plaintiff Aaron R. Rouse*

Dated: May 15, 2026

Kristan B. Burch, Esquire (VSB #42640)
**Kaufman & Canoles, PC**
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510
Telephone: 757-624-3343
Email: Kristan.burch@kaufcan.com
*Counsel for Defendant The NFL Player Disability and Survivor Benefit Plan*